NO. 07-08-0047-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 13, 2008
_____

PASCUAL DELGADO,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-07E-087; HON. ROLAND SAUL, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Pascual Delgado (appellant) appeals his conviction for delivery of a controlled substance. After pleading guilty before a jury, a trial was held on punishment. The jury assessed punishment at 99 years imprisonment. The trial court sentenced appellant in accordance with the verdict. Thereafter, he timely noticed his appeal, and counsel represented appellant *pro bono* due to appellant's indigence. The latter has moved to withdraw after filing a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and representing that he searched the record and found no

arguable grounds for reversal. Counsel further represents that he informed his client of his right to review the record and file a *pro se* brief or response. We also informed appellant that any response he cared to file had to be filed by November 3, 2008. To date, appellant has neither filed a *pro se* response nor moved for an extension of the November 3rd deadline.

We now address the validity of the two potentially arguable issues raised by appointed counsel. The first involved the guilt/innocence phase. Counsel reviewed each phase of the trial including 1) the indictment, 2) pre-trial motions, 3) appellant's plea of guilty and the trial court admonishments, and 4) the trial itself. As counsel points out, the guilty plea before the jury "admits the existence of all facts necessary to establish guilt."

The second issue concerned any error that may have occurred in the punishment phase. According to counsel, the punishment may appear to be excessive, 99 years in prison and a $250,000 fine; yet, it was still within the range prescribed by statute. Therefore, counsel concludes that no error existed warranting reversal in either the guilt/innocence or punishment phases.

We also conducted our own review of the record pursuant to *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991) and found no arguable issue warranting reversal.

Accordingly, counsel's motion to withdraw is granted, and the judgment of the trial court is affirmed.


Brian Quinn
Chief Justice

Do not publish.

2